UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARILYN PELZ, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>SPROUTS FARMERS MARKET; DOES 1 to 100,<br><br>            Defendants. | Case No. 24-cv-02078-VKD<br><br>**INTERIM ORDER RE PLAINTIFFS' MOTION TO REMAND**<br><br>Re: Dkt. Nos. 7, 8 |

## I.     BACKGROUND

Plaintiff Marilyn Pelz, and her husband Kent Pelz, sue for personal injuries Mrs. Pelz allegedly sustained on January 30, 2024 while shopping at a Sprouts Farmers Market in San Jose, California. According to their complaint, a store employee put an obstacle near Mrs. Pelz, causing her to trip and fall. *See* Dkt. No. 2-1. Plaintiffs claim that Mrs. Pelz "was seriously injured requiring difficult surgery and long extensive rehabilitation[.]" *Id*. at ECF 6. Mr. Pelz alleges that he "is no longer able to rely on Mrs. Pelz for assistance around the home," and sues under a loss of consortium theory. *See id*.

On February 28, 2024, plaintiffs filed their complaint in the Santa Clara County Superior Court, asserting claims for general negligence and premises liability. The complaint seeks compensatory damages, "according to proof," for the loss of use of property, hospital and medical expenses, general damage, property damage, and "[p]ermanent disability causing loss of enjoyment of life for this senior citizen and her husband." *Id*. at ECF 5. The complaint does not

state the exact amount of damages plaintiffs seek,[1] nor does it describe the nature of Mrs. Pelz's permanent disability. Defendant SF Markets, LLC ("SF Markets")[2] removed the matter to this Court, asserting federal diversity jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1.

Plaintiffs now move to remand this matter to the state court,[3] arguing that SF Markets has not met its burden to establish that the amount-in-controversy and diversity of citizenship requirements are satisfied. SF Markets opposes the motion. On June 11, 2024, the Court held a hearing on plaintiffs' motion for remand. SF Markets appeared. Plaintiffs did not. Upon consideration of the moving and responding papers, as well as the oral argument presented, the Court defers a decision on plaintiffs' motion to remand, pending further submissions, consistent with this order.[4]

## II.   LEGAL STANDARD

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Federal district courts have diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332.

The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. *Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992)).

---

[1] Under California law, there are circumstances where a plaintiff is not permitted to state the amount of money sought. For example, California Code of Civil Procedure § 425.10(b) provides that "the amount demanded shall not be stated" in a complaint "where an action is brought to recover actual or punitive damages for personal injury or wrongful death[.]"

[2] SF Markets says that it erroneously was sued as "Sprouts Farmers Market." *See* Dkt. No. 1 at 1.

[3] Plaintiffs improperly filed their notice of motion, points and authorities, and supporting papers as three separate documents. *See* Dkt. Nos. 7-9. The Court has considered plaintiffs' filings, but reminds plaintiffs that future filings must comply with this district's Civil Local Rules, which require the notice and points and authorities to be filed in a single document. *See* Civil L.R. 7-2(b). Future non-compliant filings may be stricken and not considered by the Court.

[4] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 10.

1  Additionally, the Court has a continuing duty to determine whether it has subject matter

2  jurisdiction.  Fed. R. Civ. P. 12(h).  A case must be remanded to the state court if it appears at any

3  time before final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

**III.    DISCUSSION**

      **A.    Diversity of Citizenship**

Plaintiffs do not dispute that they are California citizens.  Nor do they challenge SF Markets' assertion that there is complete diversity between plaintiffs and SF Markets.  However, plaintiffs argue that there exists at least one Doe defendant—namely, the store employee who allegedly put the obstacle near Mrs. Pelz on the day in question—who is not merely a fictitious defendant, but an actual person and likely a California citizen, who would destroy diversity jurisdiction.  SF Markets responds that plaintiffs have not sought to amend their complaint to name any such individuals as defendants, and that the citizenship of Doe defendants cannot be considered for purposes of establishing diversity jurisdiction in removed actions.

"In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of [title 28], the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).  Thus, for removal purposes, "[t]he citizenship of fictitious defendants is disregarded" and "becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."  *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citing 28 U.S.C. §§ 1441(a), 1447(e)).  District courts in California disagree on whether pleading non-diverse Doe defendants divests courts of removal jurisdiction where a plaintiff does not know the Doe defendants' identities, but has pled enough facts to eventually identify them.  Plaintiffs urge the Court to follow the approach of those courts that decline a literal interpretation of the federal removal statutes and favor remand where "allegations that concern the Doe Defendants provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship[.]"  *Robinson v. Lowe's Home Centers, LLC*, No. 1:15-cv-1321-LJO-SMS, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2015).  However, this Court is persuaded by the considered decision in *Valdez v. Home Depot U.S.A., Inc*., No. 22-cv-01491-DMR, 2022 WL 4137691, at *4 (N.D. Cal. Aug. 25, 2022) in which the court concluded that the removal statute

"obligates courts to disregard Doe defendant's citizenship at the time of removal," and that "the removal statute's plain language, legislative history, and Ninth Circuit law militate against remand at this stage while keeping the door open for potential remand at a later time."

Nor does the Court find it appropriate to resolve, at this time, the parties' anticipated disputes regarding the propriety of joinder of the alleged Doe store employee. "[A] plaintiff's stated intent to name California defendants at some point in the future does not alter the diversity analysis." *Smith v. FCA US LLC*, No. 20-cv-00911-PJH, 2020 WL 1651430, at *2 (N.D. Cal. Apr. 3, 2020). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the [s]tate court." 28 U.S.C. § 1447(e). "Legislative history confirms that Congress intended 28 U.S.C. § 1447(e) as a solution to allow joinder of a non-diverse Doe defendant." *Valdez*, 2022 WL 4137691 at *4 (citing H.R. Rep. No. 100-889 at 71); *see also Bartfeld v. AMCO Ins. Co.*, No. 22-cv-05075-TSH, 2022 WL 16698687, at *4 (N.D. Cal. Nov. 3, 2022) (same).

Accordingly, the Court does not find remand appropriate at this time based on plaintiffs' pleading regarding the unnamed Doe defendant. However, by **June 18, 2024**, SF Markets shall provide plaintiffs with the identity of the store employee—including the person's name and residential address—who allegedly placed the obstacle near Mrs. Pelz. *E.g. Reynolds v. Ezricare LLC*, No. 23-cv-01632-JSC, 2023 WL 5022271, at *3 (N.D. Cal. July 26, 2023).

### B. Amount in Controversy

"The amount in controversy is not a prospective assessment of a defendant's liability." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (cleaned up). "Rather, it is the amount at stake in the underlying litigation," and "includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Id*. at 417, 418 (quotations and citation omitted).

"[A]s specified in [28 U.S.C.] § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing

4

the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also Academy of Country Music v. Continental Cas. Co.*, 991 F.3d 1059, 1069, 1070 (9th Cir. 2021) (notice of removal need only contain "plausible allegations" of jurisdiction, and need not "prove" subject matter jurisdiction). When "it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez*, 888 F.3d at 416 (quotations and citation omitted). "The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quotations and citation omitted). Conclusory allegations are insufficient to establish the amount in controversy. *Id.* In assessing the amount in controversy, courts "may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Id.*

Plaintiffs' complaint was filed as an unlimited civil action in state court, indicating that their claims seek at least $35,000. *See* Dkt. No. 2-1. SF Markets' notice of removal asserts that "it is reasonably ascertainable that the amount in controversy in this case exceeds the $75,000 threshold," and recites allegations from plaintiffs' complaint that Mrs. Pelz "was seriously injured requiring difficult surgery and long extensive rehabilitation" and is "permanently disabled," and that Mr. Pelz sues for loss of consortium. *See* Dkt. No. 1 at 3; *see also* Dkt. No. 2-1 at ECF 5, 6. These assertions appear to be at least plausible, in view of plaintiffs' allegation that Mrs. Pelz is permanently disabled. Plaintiffs assert that some portion of their medical expenses may be covered by Medicare. *See* Dkt. No. 12 at 4. While that issue may bear on SF Markets' alleged liability, plaintiffs offer little analysis and no authority regarding how that impacts the amount-in-controversy analysis (if at all). *See Chavez*, 888 F.3d at 417 ("The amount in controversy is not a prospective assessment of a defendant's liability."). Plaintiffs acknowledge that their complaint alleges serious injuries and permanent disability, but remain non-committal about the amount in controversy, insisting only that SF Markets has not met its burden to show that the jurisdictional threshold is met.

1   On this record, the Court cannot properly determine whether the amount in controversy required for diversity jurisdiction is satisfied. Accordingly, by **June 18, 2024**, plaintiffs shall advise SF Markets whether the amount in controversy exceeds $75,000. Unless the parties agree that the amount in controversy exceeds $75,000, the Court will permit SF Markets to take expedited discovery on the amount in controversy before resolving the motion to remand. SF Markets shall advise the Court no later than **June 21, 2024** whether it seeks such discovery, and if so, its specific proposal. Plaintiffs' response to such proposal will be due no later than **June 28, 2024**.

## IV. CONCLUSION

Based on the foregoing, the Court defers a decision on plaintiffs' motion to remand, pending further submissions, consistent with this order.

**IT IS SO ORDERED.**

Dated: June 11, 2024

Virginia K. DeMarchi
United States Magistrate Judge